UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                              Criminal No. 11-cr-20129

v.                             HON. ROBERT H. CLELAND

D-20 TONY WAYNE KITCHENS,

    Defendant.

_____

**GOVERNMENT'S MOTION FOR REVOCATION OF PRETRIAL RELEASE ORDER**
_____

NOW COMES THE UNITED STATES OF AMERICA, by its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN, and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and Jerome M. Maiatico, Trial Attorney for the U.S. Department of Justice, and hereby moves pursuant to 18 U.S.C. 3145(a), for the revocation of the Magistrate Judge's order of pretrial release, and for an order detaining Defendant until a trial in this matter, and states that there are no conditions or combination of

conditions that would assure Defendant's appearance or the safety of any person or of the community.

## BRIEF IN SUPPORT

I. <u>BACKGROUND</u>

TONY WAYNE KITCHENS, a/k/a "Trouble" is a patched member of the Devils Diciples Motorcycle Club (DDMC) who is currently charged in an indictment (Criminal Number 11-cr-20129) with perjury in violation of 18 U.S.C. §1623, a felony offense punishable by up to 5 years in prison. The indictment alleges that Defendant KITCHENS knowingly made false statements during his testimony before a federal grand jury.

Defendant was arrested and appeared on the Third Superseding Indictment in Alabama on July 13, 2012, Alabama (Criminal No. 2:12-MJ-217-RRA). The Government recommended detention, and a detention hearing was held on July 16, 2012, however Defendant was released on bond with conditions. (Attached R. 297 at PgID 1213-1215).

On March 12, 1014, Defendant was involved in an assault of an individual in Alabama. According to the police report,[1] the victim was at home in his bathroom when he heard a knock at the door. When the victim came out of the bathroom Defendant was already inside the victim's residence. Defendant was irate and assaulted the victim with a flashlight. The victim was able to get away from Defendant and retrieve his shotgun. The victim warned Defendant to stay away or he would shoot. When Defendant continued to advance, the victim shot Defendant in the knee. The incident was witnessed by Defendant's sister, who provided a statement that the Defendant assaulted the victim and that the victim shot her brother in self-defense.

According to information provided by Pretrial Services, Defendant was severely wounded, lapsed into a coma and placed in intensive care. In addition, a portion of Defendant's leg was amputated. As of May 16, 2014, KITCHENS was recovering from his injuries and the Dekalb County Sheriff's Department intended to pursue (felony) assault charges against him.

Defendant does not concur in the filing of this motion.

---

[1] Pretrial Services advised the parties that a copy of the police report was forwarded to the Court.

## II. ARGUMENT

Pursuant to 18 U.S.C. §3145(a), the government is seeking a revocation of the Magistrate Judge's Order Setting Conditions of Release. Many jurisdictions have held that the standard of review of the Magistrate Judge's order of pretrial release is *de novo*, however the Sixth Circuit has not expressly addressed the issue. *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir. 1985); *see United States v. Yamini*, 91 F.Supp. 2d 1125, 1127 (SD Ohio 2000), collecting cases, *see also United States v. Romans*, 215 F.3d 1328 (6th Cir. 2000) (upholding district court order for pretrial detention where the district court reviewed the magistrate judge's detention order *de novo*). The government must prove by a preponderance of the evidence that the defendant poses a risk of flight, and by clear and convincing evidence that the defendant is a danger to the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

A defendant shall be detained pending trial, "if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any

4

other person and the community." 18 U.S.C. §3142(e)(1).

Pursuant to 18 U.S.C. §3142(g), the court is required to consider several factors in assessing the defendant's risk of flight and danger to the community, including the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug, the weight of the evidence against the defendant, the history and characteristics of the defendant, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.*

§3142(g) factors that support detention in this case include the following:

*Defendant's New Criminal Conduct.* Defendant has been involved in the commission of a new criminal offense in violation of his bond conditions. The new criminal conduct involves allegations that Defendant was the aggressor in a violent assault which resulted in the Defendant being shot. Defendant poses a danger to the community,

5

and no conditions or combination of conditions will assure the safety of the community.

*Defendant's Extensive Criminal History.* Defendant has been arrested 27 times beginning in 1971. Defendant has 21 criminal convictions. Defendant's criminal convictions include violent convictions for robbery/assault, burglary, felon in possession of firearms (twice), possession with intent to deliver methamphetamine, possession of a firearm during and in relation to a crime of violence or drug trafficking offense, breaking and entering, grand theft auto (twice), and harassing communication.

Defendant's extensive and virtually uninterrupted criminal history commenced in 1971. Consequently, Defendant poses a significant risk of re-offending and therefore is a danger to the community.

*Defendant is a long-time member of the Devil's Diciples Motorcycle Club.* Defendant became a Devil's Diciples Motorcycle Club (DDMC) in approximately 1990 and claims to have retired in 2002. During his tenure with the DDMC, Defendant was a National Enforcer, a Chapter President, Chapter vice President and local and state Warlord. Defendant has Devils Diciples and 1%er tattoos signifying his affiliation

6

with the DDMC. In 2006, Defendant was shot in the chest/stomach by members of the Outlaws Motorcycle Club.

*Defendant Lacks Ties to the District, Lack of Employment History.* Defendant has no ties to the Eastern District of Michigan. He has been unemployed for over 20 years and began receiving SSI in 2002. Since his release on bond, Defendant resided with his sister in Albertville, Alabama. Consequently, Defendant poses a risk of flight.

*Defendant's Drug Use.*   Defendant has a lengthy history of using illegal drugs.   At the time of his arrest and initial appearance in Alabama, Defendant refused a drug test.

*Pretrial Services Recommendation.* The Pretrial Services Office in the Eastern District of Michigan recommends detention based upon dangerousness and flight.   Defendant's network of criminal association, his mental health issues, which include depression and anxiety, as well as his criminal and substance abuse history all suggest Defendant poses and unacceptable danger to the community. Moreover, Defendant poses a risk of flight based upon his lack of ties to the EDMI, his mental health and his past violations while on supervision.

III. **CONCLUSION**

For all of the reasons stated above, the Magistrate Judge's Order Setting Conditions of Release should be revoked and an ORDER OF DETENTION PENDING TRIAL should be entered.

                Respectfully submitted,

                BARBARA L. McQUADE
                United States Attorney

                *s/Saima S. Mohsin*
                SAIMA S. MOHSIN
                ERIC M. STRAUS
                Assistant United States Attorneys
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                Saima.Mohsin@usdoj.gov
                Eric.Straus@usdoj.gov
                (313) 226-9100

                JEROME M. MAIATICO
                Trial Attorney
                U.S. Department of Justice
                1301 New York Avenue, N.W.,
                Room 703
                Washington, D.C. 20530
                Telephone:  (202) 615-8125
                Jerome.Maiatico@usdoj.gov

Dated:   May 21, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on **May 21, 2014**, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/ Saima Mohsin
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone:   (313) 226-9163
E-Mail:   Saima.Mohsin@usdoj.gov
